## In re McDONNELL DOUGLAS CORPORATION SECURITIES LITIGATION.

### Robert A. EPSTEIN

v.

### David ARNOLD, et al.

### No. MDL 448.

United States District Court, E.D. Missouri, E.D.

June 6, 1983.

See also, 98 F.R.D. 76.

Sherrie R. Savett, Berger & Montague, Philadelphia, Pa., Lowey, Dannenberg & Knapp, New York City, for Robert A. Epstein.

Veryl L. Riddle, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo. and David M. Olasov, Stephen Fanning, John Deacon, Providence, R.I., for McDonnell Douglas Corp.

Robert M. Kornreich, Wolf, Popper, Ross, Wolf & Jones, New York City, for Morton Funk.

John C. Dods, Shook, Hardy & Bacon, Kansas City, Mo., Thomas W. Pearlman, Providence, R.I., Jerome W. Seigfreid, Louis J. Leonatti, Seigfreid, Runge, Leonatti & Pohlmeyer, Mexico, Mo., for Roger Pearlman.

Wolf, Popper, Ross, Wolf & Jones, New York City, for Epstein and Pearlman.

Jeffrey Barist, White & Case, New York City, Robert S. Allen, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for all defendants except Albert Redway, Jr., James McMillan, James McDonnell and Donald Douglas.

## MEMORANDUM

HUNGATE, District Judge.

Plaintiff Epstein, together with the shareholder plaintiffs, allege two claims, as the Court has previously noted. The first is that the defendants failed to disclose to the investing public certain material adverse information relating to the business, finances, and operations of McDonnell Douglas Corporation (MDC), (hereinafter the nondisclosure claims). The second is that the individual defendants sold shares of MDC stock while possessing the undisclosed material information (hereinafter the insider trading claims). Both claims allege that the defendants' actions violated § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j) and Rule 10b–5 (17 C.F.R. § 240.10b–5).

Epstein and similarly situated class members (collectively "Epstein") purchased call options that expired in May and August of 1980 with exercise prices between $25 and $50 per share, and call options expiring in November of 1980 with exercise prices between $35 and $50 per share.

Defendants argue that both the Epstein insider trading claims and nondisclosure claims should be dismissed based on *Laventhall v. General Dynamics Corporation,* 704 F.2d 407 (8th Cir.1983). The opinion in *Laventhall* expressly noted the court of ap-

peals' disapproval of this Court's recognition of the right of optionholders to sue as a class against corporate insiders selling stock without making material disclosures. *Laventhall, id.* at 413 n. 5.

The Epstein plaintiffs concede that optionholder claims based on "insider trading" are foreclosed under *Laventhall.* Citing both *O'Connor & Associates v. Dean Witter Reynolds, Inc.,* 529 F.Supp. 1179, 1184–85 (S.D.N.Y.1981) and *Chiarella v. United States,* 445 U.S. 222, 228, 100 S.Ct. 1108, 1114, 63 L.Ed.2d 348 (1980), the Eighth Circuit stressed that the duty to disclose material information or otherwise abstain from trading in corporate shares arises because of a "fiduciary or other similar relation of trust and confidence" which exists by virtue of a shareholder's equity interest in the corporation. By comparison, the court stated:

> There is only a speculative relationship between the insider's trading and the alleged loss caused to the options holder. It may be true that the nondisclosure may have had some indirect effect on the option premium, but the insider's trading of stock on the stock market has no transactional nexus with the option holder's loss on the options exchange.... Here defendant's purchase of stock, if done wrongfully as claimed, could not in any way be asserted as the basis for plaintiff's alleged loss because the parties were not dealing in the same market. The defendant's alleged illegal gain is remote and totally speculative in relation to the plaintiff's loss in a different market, even though the plaintiff is a member of the investing public. We find there must be some special relationship between plaintiff and defendant before a duty of disclosure arises. Here there is none. Plaintiff is not trading with the insider or the insider's company. He has bought no interest in it. He is a member of the investing public but he is not investing in the defendant's company. As we said in *St. Louis Union Trust Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 562 F.2d 1040 (8th Cir.1977), *cert.*

*denied,* 435 U.S. 925, 98 S.Ct. 1490, 55 L.Ed.2d 519 (1978):

> In order to prevail in an action for securities fraud under § 10(b) and Rule 10b–5, a plaintiff must show some causal nexus between the defendant's wrongful conduct and his (the plaintiff's) loss. This requirement preserves the basic concept that causation must be proved else defendants could be held liable to all the world.

*Id.* at 1048 (footnote omitted).

*Laventhall v. General Dynamics Corp., supra* at 412–13. Thus, because the option contract is characterized as, in essence, a third party transaction with which the issuer and insiders share no privity, the option purchaser has no standing to sue with respect to insider transactions in shares.

The Court finds, in addition, that the nondisclosure claims of the Epstein plaintiffs must be treated alike, despite counsel's arguments for a restricted reading of the *Laventhall* opinion.

In the most literal terms, the issue of optionholder nondisclosure claims was not before the court in that case because the liability of a non-trading defendant was not presented by the facts. Yet, it is inescapable that the Eighth Circuit has denied the availability of such a theory to option traders. The principles relied upon in the instance of insider trading in *Laventhall* apply with equal force to the nondisclosure allegations of this complaint because the Epstein plaintiffs stand in the same structural relationship to the defendants under either theory. To allow the maintenance of nondisclosure claims on behalf of the Epstein plaintiffs after *Laventhall* would contradict the court of appeals' clearly expressed intention to limit the scope of liability and reduce the amplitude of damages in Rule 10b–5 actions.

Accordingly, the defendants' motion to dismiss the Epstein claims based on insider trading and nondisclosure will be granted. Pursuant to this determination, plaintiff Epstein and all similarly situated purchasers of the call options enumerated in the Court's order of June 22, 1982, will be ex-

cluded from the class certified pursuant to that order. The motion to certify these matters for appeal under 28 U.S.C. § 1292(b) will be denied as moot.